[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: COLLATERAL SOURCE REDUCTION
The plaintiff commenced this action for personal injuries, damages and other losses which she allegedly sustained as a result of a slip and fall on ice and water in the parking lot of the defendant hospital at a time when she was on the premises as a business invitee.
At the conclusion of the trial in the above-captioned matter, the jury returned the following verdict for the plaintiff:
Economic Damages $48,980.00
Non-Economic Damages $44,880.00
Total $93,860.00
Plaintiff's Negligence 49%
Verdict $45,991.40
The parties are now before the court for a determination of collateral source reduction as provided in Sec. 52-225a(a), C.G.S., et seq., which provides in relevant part:, "the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h, by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total of amounts determined to have been paid under subsection (c) of this section, except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to section 52-572h. CT Page 12767
Calculation of the net collateral source reduction — prior to the offset for insurance premiums provided for in Section 52-225a(c).
 Total Economic Damages Awarded $48,980.00 Less: a. Unpaid Bills $ 7,700.00
 b. Amount equal to amount of reduction of economic damages attributable to plaintiff's own negligence
(49% of $48,980.00 = $24,000.00) $24,000.00
 Net collateral source reduction (before the offset for premiums paid by or on behalf of claimant) $17,280.00
The defendant has proposed that it is entitled to begin the collateral source reduction by using the total CLAIMED economic damages which were paid by insurance ($92,000 — $7,700.00 = $84,300.00). This would result in a collateral source reduction, when the comparative negligence component of $24,000.00 is factored in, of over $60,000.00 in a situation when the jury's award of economic damages was $48,980.00. The result would be nothing for economic damages.
The purpose of the statute is to allow the plaintiff to keep as economic damages the amount which has not been received by her in the form of insurance payments.
The court agrees with the contention by plaintiff's counsel that to adopt the defendant's position in this matter, the plaintiff's award would be reduced by collateral source payments of bills that have nothing to do with the actual award of the jury by the verdict and that would result in an unfair windfall for the defendant.
For the foregoing reasons the court finds that the collateral source reduction should be calculated by using the economic damages actually awarded to the plaintiff rather than an amount claimed by either party prior to the verdict.
The court further finds the plaintiff is entitled to offset the net collateral source reduction by the amount of premiums she paid for her insurance coverage for a period of one year prior to the date of her injury and claim.
At this time the court is without sufficient information concerning the CT Page 12768 total amount of payments made by the plaintiff by way of insurance premiums to secure her right to any collateral source benefit which she has received as a result of her injury. Counsel are directed to stipulate to that amount or to move the court for further proceedings concerning the net effect of the payment of such premiums.
By the Court,
Joseph W. Doherty, Judge